DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Constance L. Hickman, ) | |
| ) | CASE NO. 4:06 CV 1473 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Stericycle, Inc., ) | |
| ) | |
| Defendant(s). ) | |

Before the Court is defendant's motion to require plaintiff to elect remedies or, in the alternative, to strike Counts I, II and III of the Amended Complaint.  (Doc. No. 16).  Plaintiff has filed a memorandum in opposition (Doc. No. 17) and defendant has filed a reply (Doc. No. 18). For the reasons discussed below, the motion requiring election of remedies is granted and plaintiff will be permitted to file a Second Amended Complaint; the motion to strike is denied.

## I. BACKGROUND

Plaintiff filed a complaint in Trumbull County Court of Common Pleas alleging that her former employer, defendant Stericycle, had (1) discriminated against her on the basis of age; (2) discriminated against her on the basis of sex; and (3) violated Ohio public policy.[1]  Defendant

---

[1] The complaint filed in the State court is attached to the removal petition, but it is illegible because of poor copy quality.  The file-stamp cannot be discerned.  The notice of removal states that the complaint was filed on July 23, 2004 and served on May 17, 2006.  The Court assumed that this was mistaken information.  The Court's independent research on the Trumbull County website (www.clerk.co.trumbull.oh.us) revealed that the case was filed on May 15, 2006 and served on May 17, 2006.  The Court takes judicial notice of those facts.

(4:06 CV 1473)

removed the action to this Court on June 15, 2006, on the basis of diversity of citizenship. The Court required plaintiff to file an amended complaint.

Plaintiff's amended complaint sets forth seven counts only the first three of which are at issue here. All of the counts are brought under Ohio law. There are no federal claims. All of the counts are fundamentally based on the allegation that, without just cause, Stericycle terminated plaintiff's employment on March 1, 2006. Count I alleges that plaintiff is entitled to damages and injunctive relief under O.R.C. § 4112.99 because Stericycle discriminated against her on the basis of age in violation of O.R.C. § 4112.02(A). Count II alleges that plaintiff is entitled to damages and injunctive relief under O.R.C. § 4112.99 because Stericycle discriminated against her on the basis of age in violation of O.R.C. § 4112.14. Count III alleges that plaintiff is entitled to the remedies under O.R.C. § 4112.14(B) because Stericycle discriminated against her on the basis of age in violation of O.R.C. § 4112.14(A).[2]

## II. DISCUSSION

### A. The Parties' Positions

Defendant seeks an order "requiring Plaintiff to elect under which statutory section of the Ohio Revised Code she will proceed to remedy alleged age discrimination, or alternatively, for this Court to strike Counts I through III in their entirety." (Motion, Doc. No. 16 at 2). Plaintiff argues that she is entitled "to allege multiple claims arising from the same set of facts and

---

[2] Count IV alleges sex discrimination and Counts V, VI, and VII allege various "public policy" violations.

2

(4:06 CV 1473)

circumstances." (Opposition, Doc. No. 17 at 5). She further argues that, although there are requirements in Ohio law that plaintiffs elect their remedies, those requirements do not apply to claims under O.R.C. § 4112.99. In the alternative, plaintiff asserts that, if required to elect, she would elect to dismiss Count III and proceed on Counts I, II, IV, V, VI, and VII. In reply, defendant asserts that plaintiff should be required to proceed only under Count I or Count III; defendant does not challenge Counts IV through VII.

**B.  The Statutory Framework**

Under Ohio's statutory framework, there are four sections that protect against age discrimination in employment:

(1) O.R.C. § 4112.02.(N) permits a civil action against employers who violate § 4112.02(A) or (B):

(2) O.R.C. § 4112.14(B) permits a civil action for violation of § 4112.14(A);

(3) O.R.C. § 4112.05 permits a complaint to be brought with the Ohio Civil Rights Commission for violations of § 4112.02 and § 4112.021; and

(4) O.R.C. § 4112.99 permits a civil action for any violation of Chapter 4112, including age discrimination.

The first three are all expressly exclusive; that is, the choice of one expressly excludes the others. See § 4112.02(N) ("A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code and from filing a charge with the commission under section 4112.05 of the Revised Code"); § 4112.14 ("any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil

3

(4:06 CV 1473)

rights commission under section 4112.05 of the Revised Code"); § 4112.08 ("any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code").

In this case, plaintiff has brought a claim under § 4112.14, but not under § 4112.02(N). She has not filed any charge with the Ohio Civil Rights Commission.

The fourth Ohio statutory section protecting against age discrimination, O.R.C. § 4112.99, is not expressly exclusive nor is it expressly subject to an election of remedies bar, providing only: "Whoever violates this chapter [Chapter 4112] is subject to a civil action for damages, injunctive relief, or any other appropriate relief."  However, the Sixth Circuit has concluded, and at least one Ohio appellate court has agreed, that "there is some indication that Ohio courts will impute to it [§ 4112.99] such an exclusivity requirement."  Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 512 (6th Cir. 2001) (citing Balent v. National Revenue Corp., 93 Ohio App.3d 419 (Ohio Ct. App. 1994); Giambrone v. Spalding & Evenflo Co., 79 Ohio App.3d 308 (Ohio Ct. App. 1992).  See also, Raub v. Garwood, No. 22210, 2005 WL 662932, at *3 (Ohio Ct. App. March 23, 2005) ("[w]e agree with the Sixth Circuit and hold that although it is permissible to plead R.C. 4112.02, R.C. 4112.14 and R.C. 4112.99 simultaneously, and in the alternative, an aggrieved employee must elect his sole remedy when an employer files a motion to dismiss").

Section 4112.99 is a general statute and, under rules of statutory construction, would yield to more specific statutes such as §§ 4112.14 and 4112.02(N).  In this case, plaintiff has not

4

(4:06 CV 1473)

asserted any claim under § 4112.02(N). She has three statutory age discrimination claims: two under § 4112.99 (for violation of "this chapter", i.e., § 4112.02(A) and § 4112.14); and a third claim under § 4112.14. In fact, one might also read the complaint as stating only two age discrimination claims: one under the general statute § 4112.02(A) and one under the specific statute § 4112.14, with relief sought for the latter under both the general statute § 4112.99 and the specific statute § 4112.14(B). These are in addition to the "public policy" claim based on age discrimination.

No matter how one reads the Amended Complaint, which is not a study in clarity, there are alternative statutory age discrimination claims. Although alternative pleading is permissible, the Court agrees with the defendant that it is now time for an election by the plaintiff. She must identify which one statute she intends to prosecute. In her opposition brief, plaintiff proposes dismissing only Count III (the § 4112.14 claim) and proceeding on Counts I and II (the § 4112.99 claims alleging violations of § 4112.02(A) and 4112.14). This does not constitute a sufficient election of statutory remedy.

There is no purpose in proceeding under more than one statute. All of the statutes are designed to protect against one thing: age discrimination in employment. The Court can perceive no difference in the available remedies. Each section seems to provide for both legal and equitable remedies.[3] Therefore, there is no harm to the plaintiff in requiring that she elect at this juncture. In fact, Ohio case law seems to require an election now that the defendant has

---

[3] There is a difference in the statute of limitations, but there is no question that this action was brought even within the shortest statute of limitations (i.e., 180 days from the discriminatory act).

(4:06 CV 1473)

demanded it by way of motion.  See Raub v. Garwood, supra, at *3 ("We view the filing of a motion to dismiss as the employer essentially forcing the employee to make his election between the three inconsistent sections of the statute.").

### III.  CONCLUSION

Defendant's motion (Doc. No. 16) to require election of statutory remedy is granted and the motion to strike Count I through III is denied.

Plaintiff shall be allowed to file a Second Amended Complaint wherein she makes the requisite election, selecting one statutory age claim, in addition to her sex discrimination claims and her "public policy" claims.  In the event no Second Amended Complaint is filed or if plaintiff fails to properly elect her remedy, the Court will exercise its discretion to elect for the plaintiff a claim under O.R.C. § 4112.14 (i.e., Count III) and will dismiss Counts I and II.  See Raub v. Garwood, supra, at *3 ("If an aggrieved employee fails to elect . . . then the trial court must exercise its discretion, determine under which section of the statute the aggrieved employee has defended the motion [to elect remedy], . . . and dismiss with prejudice the remaining age discrimination claims that were simultaneously pled.").

### IV.  SUBSEQUENT PROCEEDINGS

The Second Amended Complaint shall be filed by November 13, 2006.  Discovery is now open; the discovery cut-off is February 2, 2007.  See Doc. No. 15.  Counsel shall also comply with the directive in Doc. No. 15 to jointly suggest dates when they will be available for

(4:06 CV 1473)

a telephone conference during the two-week period following the close of discovery. At that conference, the Court will set the remainder of the case management schedule, including dispositive motions deadlines.

      IT IS SO ORDERED.


  November 3, 2006                                 *s/ David D. Dowd, Jr.*
Date                                                    David D. Dowd, Jr.
                                                        U.S. District Judge