DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa M. Carney, Administratrix of the Estate of Constance L. Hickman, | ) | CASE NO. 04:06CV1473 |
| Plaintiff, | ) | |
| v. | ) | ORDER (Resolving Doc. No. 31) |
| Stericycle, Inc., | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This case was filed by Plaintiff Constance L. Hickman alleging violations of Ohio laws and public policy concerning employment discrimination on the basis of age and sex. On January 5, 2007, Defendant filed a Notice of Suggestion of Death on the Record of Constance Hickman (Docket No. 26). On March 22, 2007, the Court granted the motion to substitute Lisa M. Carney, the Administratrix of Constance Hickman's estate, as the Plaintiff in this action (Docket No. 30). At issue before the Court is Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the complaint (Docket No. 31) because, according to the motion, Ms. Hickman's claims did not survive her death according to Ohio law. Plaintiff has filed a response opposing the motion (Docket No. 34) and Defendant has filed a reply brief in support of the motion (Docket No. 35).

On July 26, 2007, the Court conducted a hearing on the pending motion and heard oral argument on the matter. For the following reasons, Defendant's Motion to Dismiss the Complaint is denied.

**DISCUSSION**

Defendant removed this action to this Court and jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332. The Second Amended Complaint (Docket No. 20) contains no federal claims but instead alleges the following violations of Ohio law concerning employment discrimination:

Count One: Age Discrimination in violation of R.C. Section 4112.14
Count Two: Sex Discrimination in violation of R.C. Section 4112.02(A)
Count Three: Public Policy violation based on R.C. Section 4112.02(A) (age)
Count Four: Public Policy violation based on R.C. Section 4112.14(A) (age)
Count Five: Public Policy violation based on R.C. Section 4112.02(A) (sex)

Defendant seeks dismissal of all five counts based on the following two Ohio statutes concerning the abatement and survival of actions after the claimant's death:

**R.C. Section 2305.21** (Survival of Causes of Action)

> In addition to causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud shall survive; and such action may be brought notwithstanding the death of the person entitled or liable thereto.

**R.C. Section 2311.21** (Abatement of Actions)

> Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party.

These two statutes are read together and a distinction is drawn between the language in the statutes referring to the "action" and the "causes of action." Section 2311.21 changes the common law by not permitting any action to abate upon the death of a party except for those listed in the statute. According to the practice in Ohio, it must then be shown, pursuant to Section

2305.21, that the cause of action may be found among those listed in that statute in order to survive the death of the party. The cases that examine this issue then decide if the pending cause of action is more like the ones listed in 2305.21, which survive and go forward, or more like the ones listed in 2311.21, which abate and are dismissed.

In Witcher v. City of Fairlawn, 113 Ohio App. 3d 214 (1996), the Ninth District Court of Appeals conducted this type of analysis and held that false imprisonment, as a cause of action, did not survive the claimant's death. The Court concluded that because false imprisonment was not an injury to the person under Section 2305.21, but was instead a denial of rights more akin to the causes of action listed in Section 2311.21, the action abated upon the claimant's death. Witcher, 113 Ohio App. 3d at 218.

In Alsup v. International Union of Bricklayers, 679 F. Supp.716 (N.D. Ohio 1987)(Potter, J.), the Court held that a 42 U.S.C. Section 1981 claim for racial discrimination abated upon the death of the plaintiffs because "[a] claim for relief under Section 1981 is considered to be personal in nature . . . . As such, it is similar to actions for libel, slander and malicious prosecution which abate at the time of the plaintiff's death pursuant to Ohio Rev. Code Section 2311.21." 679 F. Supp. at 720 (citation omitted).

The question squarely put to the Court in this case is whether Plaintiff's alleged violations of Ohio statutes and Ohio public policy concerning employment discrimination are personal in nature, like the claims in Alsup and Witcher and more like the abated actions listed in Section 2311.21 or whether they allege harms that, according to Section 2305.21, would either have survived at common law or could be considered "injuries to the person or property" of the

decedent?

Plaintiff argues that Ohio cases support the latter answer. In Bowman v. Parma Bd. of Education, 44 Ohio App.3d 169 (8th Dist. 1988), the Ohio Court of Appeals held that the tort claims of either intentional or negligent infliction of serious emotional distress met the definition of "physical" injuries because of the psychic nature of the harms suffered. Bowman, 44 Ohio App.3d at 177. In the unpublished decision in Kelly v. Greene, 1994 Ohio App. LEXIS 4553 (8th Dist. 1994), the Ohio Court of Appeals, citing Bowman, held that a claim for sexual harassment "is also a psychic injury which does not abate by the death of the party," and allowed the action to proceed with the substitution of a personal representative. Id.

Plaintiff also argues that the survival of analogous federal statutes or the federal common law should lead the Court to conclude that this state court action should survive. In Pokorney v. Miami Valley Career Technology Center, 1997 U.S. Dist. LEXIS 23760 (S.D. Ohio 1997), the court considered whether a claim for violation of the Americans with Disabilities Act ("ADA") survived the death of an employee. The court applied federal common law and concluded that the claim did survive. In addition, the court went on to state that had it applied Ohio law, including Ohio Revised Code Section 2305.21, it would have reached the same conclusion:

> Ohio Revised Code Section 2305.21 provides, inter alia, that actions for injuries to the person or property survive. In Bowman v. Parma Board of Education, 44 Ohio App. 3d 169, 542 N.E. 2d 663 (Cuyahoga County 1988), the court held , in P 3 of the syllabus, that claims for psychic injuries, such as the intentional infliction of serious emotional distress, survive. Herein, the Plaintiff seeks to recover compensatory and punitive damages for the emotional harm suffered by Carol Pokorney. . . . Since the injury allegedly suffered by Carol Pokorney is similar to that which the Bowman court found survived death, this Court would conclude that the claim under the ADA survived the death of Carol Pokorney.

Pokorney, 1997 U.S. Dist. LEXIS at 23762.

As Defendant points out, this statement in Pokorney is dicta because the court relied upon the federal common law to determine that an ADA claim would have not have abated upon the claimant's death.

However, in the instant case, the Court applies the law of the State of Ohio and, in fact, reaches the same conclusion: Plaintiff's state law claims for sex and age discrimination under the statutes and public policy of Ohio did not abate upon her death. In each of the counts Plaintiff alleges severe emotional distress as an element of damages for the listed cause of action. As discussed previously, psychic injuries such as emotional distress are recognized in Ohio as claims for physical harms. In this regard, the Court relies upon the holdings in Bowman and the unpublished decision in Kelly as well as the reasoning in Pokorney to come to the conclusion that these claims allege personal injuries, according to Revised Code Section 2305.21, and accordingly, these claims survive the claimant's death.[1]

---

[1] At the hearing, the Court questioned Plaintiff whether there would be evidence to support its claims for severe emotional distress based on the alleged discrimination. Plaintiff argued and has submitted supplemental authority to the Court (Docket No. 38) in support of its position to demonstrate that expert medical testimony is not required and that other evidence supporting the emotional impact of the alleged discrimination may be used. See Buckman-Pierson v. Brannon, 159 Ohio App. 3d 12 (2nd App. 2004). While this issue may be revisited if a motion for summary judgment is filed, the Court concludes that at this stage, for the reasons stated, the motion to dismiss should be denied.

**CONCLUSION**

For the reasons stated in this Order, Defendant's Motion to Dismiss (Docket No. 31) is denied.

IT IS SO ORDERED.

July 30, 2007
Date

*/s/ David D. Dowd, Jr.*
David D. Dowd, Jr.
U.S. District Judge